IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERRY DON HATTABAUGH                                                                      PLAINTIFF

v.                                       Civil No. 2:23-CV-02042-PKH-MEF

SERGEANT MERCEDES ANDERSON and
GUARD GARETT REESER (Both of Scott
County Detention Center)                                                                  DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey Court Orders and failure to prosecute this case.

### I.  BACKGROUND

Plaintiff filed his Complaint on March 24, 2023. (ECF No. 1). That same day, the undesigned entered an Order provisionally filing the case and advising him that he must keep the Court advised of his mailing address or his case would be subject to dismissal. (ECF No. 3). In a separate Order, the Court denied Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") and advised him that he must pay the filing fee. (ECF No. 5). After submitting two incorrectly prepared checks to the Court, the Plaintiff then missed the extended deadline to submit his filing fee. The undersigned entered a Report and Recommendation recommending dismissal of his case on May 9, 2023. (ECF No. 9). On May 15, 2023, Plaintiff submitted a correctly completed check to pay his filing fee. The Honorable P. K. Holmes, III, therefore, declined to adopt the Report and Recommendation. (ECF No. 10). On June 21, 2023, the undersigned entered an Order directing

1

Plaintiff to file an Amended Complaint to address deficiencies with his Complaint. (ECF No. 11). Plaintiff did so on June 26, 2023, and on June 28, 2023. (ECF Nos. 12, 13). Plaintiff submitted a Notice of Address Change on July 14, 2023. (ECF No. 14). He indicated he was no longer in the Scott County Detention Center. Instead, he was now incarcerated in the Arkansas Community Corrections ("ACC") program in Texarkana for a six-month term starting July 6, 2023, and he was to be released no earlier than January 2, 2024. (*Id*.).

On November 6, 2023, Defendants submitted a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. (ECF No. 20). On November 7, 2023, the undersigned entered an Order directing Plaintiff to submit his Summary Judgment Response by November 28, 2023. (ECF No. 24). This Order was not returned undeliverable. When Plaintiff failed to submit his Response, the undersigned entered a Show Cause Order, directing him to show cause for his failure to obey a Court Order by February 1, 2024. (ECF No. 25). Both Orders advised Plaintiff that failure to submit his response by the deadline would result in the dismissal of his case.

On February 6, 2024, the Show Cause Order sent to Plaintiff at ACC-Texarkana was returned as undeliverable, indicating "Address Not Known." The deadline for Plaintiff to inform the Court of his new address was set for March 7, 2024. (ECF No. 26). To date, the Plaintiff has failed to submit his Summary Judgment Response and has failed to inform the Court of his new address. His last communication with the Court was his Notice of Address Change to ACC-Texarkana on July 14, 2023. (ECF No. 14).

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

2

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with multiple Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Plaintiff's Amended Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 13) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

3

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of April 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE